IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Breyan, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 3:24-cv-980-BHH |
| v. ) | |
| ) | |
| Bank of America, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court upon Plaintiff Michael Breyan's pro se ("Plaintiff") complaint against Defendant Bank of America. (ECF No. 1.) In accordance with Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On February 28, 2024, the Magistrate Judge issued a report and recommendation ("Report"), outlining the issues and recommending that the Court summarily dismiss Plaintiff's complaint without prejudice and without issuance and service of process. (ECF No. 7.) Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. On March 6, 2024, Plaintiff filed objections. (ECF No. 9.)

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the

Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

In her Report, the Magistrate Judge explained that, although Plaintiff has indicated that he is suing a government actor for alleged constitutional violations, Defendant is neither a federal official nor a state or local official. Furthermore, because Plaintiff failed to show that this Court has either diversity or federal question jurisdiction, the Magistrate Judge recommended that the Court summarily dismiss the complaint.

In his one-page objections, Plaintiff objects to dismissal and asserts that he is entitled to relief because his rights were violated. (ECF No. 9 at 1.) Importantly, however, nowhere does Plaintiff explain how this Court has subject matter jurisdiction, and after review, the Court fully agrees with the Magistrate Judge that this action is subject to dismissal for lack of subject matter jurisdiction.

**Accordingly, the Court hereby adopts and incorporates the Magistrate Judge's Report (ECF No. 7); the Court overrules Plaintiff's objections (ECF No. 9), and the Court summarily dismisses this action without prejudice and without issuance and service of process.** *See Platts v. O'Brien*, 691 F. App'x. 774 (4th Cir. 2017) (citing *S. Walk at Broadlands Home-owner's Ass'n v. OpenBand at Broadlands*, LLC, 713 F.3d 175, 185 (4th Cir. 2013) ("A dismissal for . . . [a] defect in subject matter jurisdiction[] must be

one without prejudice because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits.")).

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

May 16, 2024
Charleston, South Carolina